# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY,

MAY TERM, 1886.

---

THEODORE RUNYON, ESQ., ORDINARY.

---

JAMES A. ALEXANDER, executor &c., appellant,

*v.*

JOHN V. BACOT, administrator &c., respondent.

A testator was indebted to A in $13,000, and, to secure it, his executor and one of his devisees gave their bond to A, with a mortgage on lands devised. A died before the $13,000 had been paid, and bequeathed $5,000 to B, whereupon the trustee and devisee gave their bond to B to secure the $5,000, with a mortgage on part of the same lands, and then canceled the $13,000 mortgage. B died before the $5,000 had been paid.—*Held*, that under the circumstances the giving of the $5,000 bond and mortgage did not exonerate the first-named estate from liability therefor, and that consequently B's administrator was a creditor of that estate, and could except to the allowance of the executor's account.

511

Appeal from order of Hudson orphans court. Upon state of the case.

*Mr. P. Bentley,* for appellant.

*Mr. Clarence Linn,* for respondent.

THE ORDINARY.

The administrator of the estate of Mrs. Helen C. McClelland, deceased, filed exceptions to the account of James A. Alexander, executor &c., of Dr. John M. Cornelison, deceased, in the orphans court of Hudson county, and the court, by its order, set the exceptions down for hearing upon a day fixed, and directed that the executor appear on that day, and present himself and his vouchers for examination. From that order the executor appealed. The ground of appeal is that the administrator has no right to except to the executor's account, because the administrator has no claim against the estate. Dr. Cornelison, at his death, was indebted to Mrs. Maria M. Meade in the sum of $13,000, or thereabouts. By his will he gave to Mr. Alexander one-half of all his real estate, except a certain farm (which he gave to his son in fee), for the benefit of his, the testator's, son for life, with remainder to the son's children or their issue, and in default of children or issue thereof, the remainder to go as the son might by his will direct. He gave to his daughter, the wife of Mr. Alexander, the other half of his real estate, excepting the farm, and he gave all his personal estate, except household goods and furniture and farming utensils, to Mr. Alexander, for the purpose of discharging encumbrances upon his, the testator's, property, and the testator's debts, and gave all his household goods and farming utensils and his horses, carriages, harness and cattle to his son and daughter in equal shares.

After the testator's death, Mr. Alexander, as trustee under the will, and Mrs. Alexander, as devisee under the will, in order to secure the payment of the debt to Mrs. Meade, gave her their bond in the penalty of $28,000, conditioned for the payment by Mr. Alexander as trustee, and Mrs. Alexander and Mr. Alexander

personally, of $1,291 a year to Mrs. Meade for life, and of the sum of $11,300 to her legal representatives at her death. To secure the payment of the bond, a mortgage of real estate, part of the Cornelison property, was given. Mrs. Meade died, and by her will gave $5,000 to Mrs. McClelland. The $11,300 due from Dr. Cornelison's estate to Mrs. Meade was unpaid, and for $5,000 of it Mr. Alexander, as trustee under the will of Dr. Cornelison, and Mrs. Alexander gave to Mrs. McClelland their bond in the penalty of $10,000, dated November 1st, 1879, conditioned for the payment, by Mr. and Mrs. Alexander, of $5,000 in three years, with interest. Under the bond was written an agreement, under seal, signed by Mr. Alexander as executor, by which he, as executor of the will of Dr. Cornelison, agreed with Mrs. McClelland to pay her $500, on account of the principal of the bond, each year, until the bond should be paid off. To secure the payment of that bond, a mortgage of part of the real estate mortgaged to Mrs. Meade was given. Upon the delivery of the latter bond and mortgage, the bond and mortgage to Mrs. Meade were canceled. Mr. Alexander has paid $750 on account of the principal of the McClelland bond, and the interest up to 1884, inclusive. He testifies that he has always considered the debt due to Mrs. McClelland a debt of the estate of Dr. Cornelison.

If the liability of the estate of Dr. Cornelison to pay the debt due to Mrs. Meade was discharged by the giving of the bond and mortgage to her, the administrator of Mrs. McClelland has no right to except to the account of the executor. But the giving of the bond and mortgage was not payment of the debt. It was intended to secure thereby payment of the debt by the executor. The bond was made by Mr. Alexander in his trust capacity under the will. He styles himself trustee. The intention was to bind the estate, part of which was devised to him in trust for the testator's son, and another part to Mrs. Alexander, for the payment of the debt by the executor. The bond to Mrs. McClelland was given in like manner and with like design, and Mr. Alexander, as executor, agreed to pay the money therein mentioned in certain specified installments. The debt due from Dr. Cornelison's estate was not discharged by the giving of the

33

bond and mortgage to Mrs. Meade, nor were $5,000 of it dis-
charged by the bond and mortgage to Mrs. McClelland. Such
appears to have been the understanding of the parties. In his
letters to Mrs. McClelland and her administrator, Mr. Alex-
ander speaks of the $5,000 bond and mortgage as having been
given by him as executor, and of the money due thereon as being
due from Dr. Cornelison's estate, and in his account he claims
credit for the payments of principal and interest made by him on
the bond. There is no evidence that the bonds and mortgages
were accepted in discharge of the liability of the estate, but the
evidence is to the contrary.

The administrator of Mrs. McClelland, upon the application
to have the exceptions set down for hearing, made oath that the
estate of Dr. Cornelison was indebted to the estate of Mrs. Mc-
Clelland in the sum of $4,000 and upwards. The executor can-
not, under the circumstances, deny the title of Mrs. McClelland's
administrator to part of the Meade debt. The orphans court
decided that the administrator was a creditor of the estate, and
therefore entitled to except to the account. They had power to
make such adjudication. *Poulson* v. *National Bank of French-
town, 6 Stew. Eq. 250 ; S. C. on appeal, Id. 618.* It may be re-
marked that in the report of the opinion of this court in that
case, upon the subject of the power of the orphans court to de-
termine whether one who files exceptions to the account of an
executor or administrator, is a creditor of the estate, the word
" without " (p. 253) is a misprint of the word " within."

The order appealed from will be affirmed, with costs.